**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 73.64.132.247,<br><br>Defendant. | CIVIL ACTION NO. 3:26-CV-03184<br><br>(SAPORITO, J.) |

**ORDER**

AND NOW, this 16th day of November, 2026, for good cause shown,[1] **IT IS HEREBY ORDERED THAT**:

1. The plaintiff's ex parte motion for leave to serve a third-party subpoena prior to a Rule 26(f) status conference (Doc. 5) is **GRANTED**, subject to the conditions set forth below.

---

[1] *See generally Strike 3 Holdings, LLC v. Doe*, 370 F. Supp. 3d 478, 481 (E.D. Pa. 2019) ("The subpoena at issue seeks only the name and address of the defendant to whom the IP address was assigned. This information is certainly within the scope of discovery under the Federal Rules of Civil Procedure. There is no basis to conclude that the information is privileged or confidential or otherwise cannot properly be released pursuant to a subpoena. We are satisfied that there are no other means for Strike 3 to obtain defendant's identity. If defendant cannot be identified and served, the action cannot proceed, and Strike 3 would be left without a remedy for any infringement of its copyrights.") (citations omitted).

2. The plaintiff may serve a Rule 45 subpoena on third-party internet service provider Comcast Cable ("ISP"), for the purpose of obtaining the true name and address of the putative defendant, a subscriber assigned **IP address 73.64.132.247** (the "John Doe Defendant"). The plaintiff shall attach to any such subpoena a copy of this order.

3. The ISP will have **fourteen (14) days after service** of the Rule 45 subpoena to serve a copy of the subpoena and this order to its subscriber, the John Doe Defendant. The ISP may serve the John Doe Defendant using any reasonable means, including written notice sent to his or her last known mailing address, or to his or her last known email address if a valid mailing address is not known to the ISP.

4. The John Doe Defendant shall have **thirty (30) days after service** of the Rule 45 subpoena on the ISP to file any motions with this court contesting the subpoena (including a motion to quash or modify the subpoena). The ISP may not turn over the John Doe Defendant's identifying information to the plaintiff before expiration of this 30-day period. Additionally, if the John Doe Defendant or the ISP files a motion to quash or modify the subpoena, the ISP shall not disclose any

information to the plaintiff until the court issues an order instructing the ISP to resume disclosure of the requested information. If the John Doe Defendant moves to quash or modify the subpoena, the John Doe Defendant shall contemporaneously notify the ISP so that the ISP is on notice not to disclose the requested information to the plaintiff until the court rules on any such motion.

5. If the 30-day period expires without the John Doe Defendant or the ISP contesting the subpoena, the ISP shall have **fourteen (14) days thereafter** in which to disclose the requested identifying information to the plaintiff.

6. The ISP shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash or modify.

7. Any identifying information ultimately disclosed to the plaintiff in response to a Rule 45 subpoena may be used by the plaintiff solely for the purpose of litigating this case.

Dated: November 16, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge